IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ASHLEY ROGERS**                                                                            **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:22-cv-122-CWR-FKB**

**THE KANSAS CITY SOUTHERN RAILWAY
COMPANY, PITTSBURG BOTTOM LINE CO LLC
D/B/A BOTTOM LINE COMPANY, PITTSBURG
BOTTOM LINE LLC, BOTTOM LINE COMPANY,
OTHER UNKNOWN ENTITIES 1-10 AND JOHN
AND JANE DOES 1-10, in their official and
Individual capacities**                                                **DEFENDANTS**

## NOTICE OF REMOVAL

TO:     Chuck McRae (MS Bar No. 2804)
            **MCRAE LAW FIRM**
            416 East Amite Street
            Jackson, MS 39201
            Office: 601.944.1008
            Fax: 866.236.7731
            chuck@mcrawlaw.net

The Kansas City Southern Railway Company ("KCSR"), by and through counsel, hereby removes this action to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. Sections 104, 1332, 1441 and 1446, and would show the following:

### A.     Introduction

1. On February 2, 2022, Ashley Rogers (the "Plaintiff") filed suit in the Circuit Court of Hinds County, Mississippi (Civil Action No. 22-58) against KCSR as well as Pittsburg Bottom Line Co LLC *d/b/a* Bottom Line Company, Pittsburg Bottom Line LLC, Bottom Line Company (sometimes referred to as "Bottom Line") seeking compensation for injuries she suffered when debris from a bridge construction site struck her in the head on or about June 13, 2020. *See* Compl. (Ex.

"A"). Plaintiff seeks damages for past and future medical treatment; physical and mental past and future pain and suffering; past and future loss of wages; punitive damages; interest, costs and attorney fees. *See* Compl. (Ex. "A"). As demonstrated below, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and this case is removable under 28 U.S.C. Section 1441.

### B. Facts

2. The basis for Plaintiff's suit is an incident that allegedly occurred beneath a bridge on spanning the Chunky River that was undergoing construction. *See* Compl. at ¶ 10 (Ex. "A"). Plaintiff alleges KCSR's tracks cross the Chunky River via the subject bridge and that KCSR contracted with Bottom Line to perform "work on their railway." *See* Compl. at ¶¶ 10-11, 15 (Ex. "A").

3. According to Plaintiff, prior to placing her kayak into the waters of the Chunky River, a steel spike fell from the bridge and struck her in the head (the "Accident"). *See* Compl. at ¶ 11 (Ex. "A"). According to the Plaintiff, the Accident caused her to suffer from a scalp laceration, a fractured skull, and mild traumatic brain damage. *See* Compl. at ¶ 12 (Ex. "A"). Plaintiff alleges KCSR and Bottom Line were "negligent in failing to repair the dangerous condition of their premises and/or failing to warn of defective and dangerous condition of their premises," which caused injuries to Plaintiff. *See* Compl. at ¶¶ 14-18 (Ex. "A").

4. Plaintiff seeks compensatory damages, in an unspecified amount, for past and future (1) loss of enjoyment of life, (2) pain and suffering, (3) emotional distress, (4) medical bills, (5) lost wages, as well as for (6) pre and post judgment interest, (7) court costs and (8) attorney's fees. *See* Compl. at ¶¶ 20-21 (Ex. "A"). Plaintiffs also seeks punitive damages. *See* Compl. at ¶ 20 (Ex. "A").

### C. Diversity of Citizenship Jurisdiction

5. KCSR removes this action pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. Sections 1332. The Plaintiff is completely diverse from all defendants, and the amount in controversy exceeds $75,000.00.

6. The Plaintiff is completely diverse from all defendants. According to the Complaint, the Plaintiff is domiciled in Pearl, Mississippi. *See* Compl. ¶ 1 (Ex. "A"). No defendant is a citizen of Mississippi.

7. KCSR is incorporated in Missouri and its principal place of business is Kansas City, Missouri. *See* Miss. Sec. of State Bus. Info. For KCSR (Ex. "B"); Compl. at ¶ 2 (Ex. "A"). Therefore, KCSR is a corporate citizen of Missouri for purposes of the determination of diversity. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a corporate citizen of its state of incorporation and the state where it has its principal place of business).

8. Pittsburg Bottom Line Co LLC is a Texas limited liability company with its principal place of business being Pittsburg, Texas. *See* Miss. Sec. of State Bus. Info. For Bottom Line (Ex. "C"); Compl. at ¶ 3-5 (Ex. "A"). "Bottom Line Company" is a *d/b/a* of Pittsburg Bottom Line Co LLC and is not a separate legal entity. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its member(s). *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Bottom Line has a single member, *i.e.*, Bridging Income Fund LP, which is a Canadian limited partnership. Bridging Income Fund LP's general partners is SB Fund GP Inc., which is a Canadian corporation with its principal place of business being in Canada. However, Bridging Income Fund LP is under receivership by order of the Ontario Securities Commission, *see* Order (Appointment of Receiver) (Ex. "D"), and is controlled as provided in the order by PricewaterhouseCoopers, Inc. PricewaterhouseCoopers, Inc. is a Canadian corporation having its principal place of business in Canada. Therefore, for purposes of diversity under 28 U.S.C.A. Section 1332, Bottom Line is a citizen of Canada. *See City of New Orleans v. Whitney*, 138 U.S. 595, 606 (1891) ("representatives stand upon their own citizenship in the federal courts irrespective of the citizenship of whom they represent, . . . [*e.g.*,] receivers, etc.); *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) (same); *Gross v. Hougland*, 712 F.2d 1034, 1037 (6th Cir. 1983) (looking to citizenship of receiver, not

3

the entity in receivership, for diversity analysis); *Wiand v. Buhl*, No. 8:10-cv-75-T-17MAP, 2011 WL 6048829, at ** 1, 3 (M.D. Fla. Nov. 3, 2011) (looking to citizenship of corporate receiver for diversity analysis).

9. The amount in controversy exceeds $75,000.00. The Plaintiff seeks recovery for past medical expenses, which she alleges total "several thousands of dollars." *See* Compl. ¶ 12 (Ex. "A"). She further alleges that she anticipates having future medical treatment and associated bills. *See* Compl. ¶ 12 (Ex. "A"). Plaintiff also alleges that she "continues to experience severe pain," including pain from migraine headaches, and seeks damages for past, present, and future pain and suffering and loss of enjoyment of life. *See* Compl. ¶¶ 12, 20-21 (Ex. "A"). Plaintiff alleges the Accident required her to miss work, and she seeks an unspecified amount of damages for lost wages. *See* Compl. ¶ 12, 20-21 (Ex. "A"). Taking the allegations of damages in the Plaintiff's Complaint as true, it is facially apparent that the amount in controversy exceeds $75,000.00 as a matter of law. *See Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (amount in controversy is met if the court can determine the amount in controversy will likely exceed jurisdictional minimum by looking at the face of the complaint).

10. Moreover, the amount in controversy is met here because the Complaint seeks an unspecified amount of punitive damages. *See* Compl. ¶ 20 (Ex. "A"); *Sun Life Assur. Co. v. Fairley,* 485 F.Supp.2d 731, 735 (S.D. Miss. 2007) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum") (citing *Brasell v. Unumprovident Corp.*, No. 2:01-cv-202, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1255 (5th Cir.1998)).

11. For these reasons, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and under 28 U.S.C. Section 1441, removal is proper

**D.     Compliance with Procedural Requirement**

12.     As shown above, the instant case is one over which this Court has original jurisdiction. Under 28 U.S.C. Section 104(b)(1) and the Uniform District Court Rules for the Northern and Southern Districts of Mississippi, the Northern Division of the United States District Court for the Southern District of Mississippi is the division and district embracing Hinds County,[1] the place where the state court action was filed and is pending.

13.     Plaintiff served her Complaint and Summons on KCSR on February 9, 2022, *see* Service of Process Transmittal (Ex. "E"); therefore, pursuant to 28 U.S.C. Sections 1441 and 1446(b), this Notice of Removal is timely filed within thirty days of receipt by KCSR of service of process.

14.     Pursuant to 28 U.S.C. Section 1446(a) and Rule 5(b) of the Local Uniform Civil Rules of the United States District Courts for the Northern District and Southern District of Mississippi, KCSR will electronically file a certified copy of the entire Hinds County Circuit Court file with this Court within fourteen days.

15.     KCSR will give written notice of the filing of this Notice of Removal to Plaintiff and a copy of this Notice will be duly filed with the Clerk of the Circuit Court of Hinds County, Mississippi, as required by 28 U.S.C. Section 1446(d).

16.     Counsel for KCSR has consulted with counsel for co-defendant, Bottom Line, who represents that Bottom Line consents to removal and will be filing a formal joinder herein.

Kansas City Southern Railway Company requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Hinds County, Mississippi be stayed.

---

[1] Because the Accident occurred in Newton County and because all defendants are foreign entities, Newton County is the only proper venue for this lawsuit if it remained in state court. Miss. Code Ann. § 11-11-3. However, both Newton and Hinds Counties are encompassed in the Northern Division of the Southern District of Mississippi, so no post-removal transfer is necessary. 28 U.S.C. § 104(b)(1). In the event this matter is remanded back to state court, KCSR reserves its right to challenge plaintiff's selection of Hinds County as the venue of this lawsuit.

THIS, the 7th day of March 2022.

>Respectfully submitted,
>
>**THE KANSAS CITY SOUTHERN RAILWAY COMPANY**
>
>BY:    /s/ D. Jason Childress
>       CHARLES E. ROSS (MSB #5683)
>       D. JASON CHILDRESS (MSB #103678)
>
>*ITS ATTORNEYS*

**OF COUNSEL:**

Charles E. Ross (MSB #5683)
D. Jason Childress (MSB #103678)
**WISE CARTER CHILD & CARAWAY, P.A.**
The Heritage Building
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, Mississippi 39205-0651
Tel:     601-968-5500
Fax:     601-968-5593

**CERTIFICATE OF SERVICE**

    I, D. Jason Childress, one of the attorneys for Defendant, The Kansas City Southern Railway Company, do hereby certify that I have filed and caused to be delivered via the Court's Electronic Filing System, a true and correct copy of the above document to:

>Chuck McRae (MS Bar No. 2804)
>**MCRAE LAW FIRM**
>416 East Amite Street
>Jackson, MS 39201
>Office: 601.944.1008
>Fax: 866.236.7731
>chuck@mcrawlaw.net
>*Counsel for Plaintiff*

This, the 7th day of March 2022.

>       /s/ D. Jason Childress
>       D. Jason Childress